UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEMETRIUS LAMAR BROCK,<br><br>    Petitioner,<br><br>v.<br><br>RENEE BAKER, *et al.*,<br><br>    Respondents. | Case No. 3:20-cv-00220-LRH-WGC<br><br>**ORDER** |

This action is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by Demetrius Lamar Brock, an individual incarcerated at Nevada's Lovelock Correctional Center. On April 9, 2020, Brock filed a Petition for Writ of Habeas Corpus (ECF No. 1) and supporting exhibits (ECF No. 2). Brock is represented by counsel.

The Court has examined Brock's petition, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the Court determines that it merits service upon the respondents. The Court will order the petition served upon the respondents, will direct the respondents to appear and respond to the petition, and will set a schedule for further proceedings.

**IT IS THEREFORE ORDERED** that the Clerk of the Court shall add Aaron Ford, Attorney General of the State of Nevada, as counsel for the respondents.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall electronically serve upon the respondents a copy of the Petition for Writ of Habeas Corpus (ECF No. 1), and a copy of this order.

**IT IS FURTHER ORDERED** that the respondents will have 30 days from the date of this order to appear in this action.

**IT IS FURTHER ORDERED** that the respondents will have 90 days from the date of this order to answer or otherwise respond to the Petition for Writ of Habeas Corpus.

**IT IS FURTHER ORDERED** that, unless ordered otherwise, the following schedule will govern the further proceedings in this case:

<u>Reply</u>. Petitioner will have 45 days following the filing of an answer to file a reply. Respondents will thereafter have 30 days following the filing of a reply to file a response to the reply.

<u>Briefing of Motion to Dismiss</u>. If Respondents file a motion to dismiss, Petitioner will have 60 days following the filing of the motion to file a response to the motion. Respondents will thereafter have 30 days following the filing of the response to file a reply.

<u>Discovery</u>. If Petitioner wishes to move for leave to conduct discovery, Petitioner must file such motion concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for leave to conduct discovery filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for leave to conduct discovery.

<u>Evidentiary Hearing</u>. If Petitioner wishes to request an evidentiary hearing, Petitioner must file a motion for an evidentiary hearing concurrently with, but separate from, the response to Respondents' motion to dismiss or the reply to Respondents' answer. Any motion for an evidentiary hearing filed by Petitioner before that time may be considered premature, and may be denied, without prejudice, on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the

transcript is located in the record. If Petitioner files a motion for an evidentiary hearing, Respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to Petitioner's reply. Thereafter, Petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

DATED this 16th day of April, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE